## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

2019 NOV -6 PM 4:30

| | | |
|---|---|---|
| OCTAVIO SOLTERO-URIBE, | § | |
| Reg. No. 16184-480, | § | |
| **Movant,** | § | |
| | § | EP-19-CV-303-DB   JMB |
| v. | § | EP-18-CR-2956-DB-1 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Octavio Soltero-Uribe ("Soltero") challenges his sentence through a motion under 28

U.S.C. § 2255 (ECF No. 43).[1]  Soltero is serving a 57-month term of imprisonment imposed by

the Court after he pleaded guilty to conspiracy to distribute methamphetamine.  He claims the

Court erred in calculating his sentence and his counsel provided constitutionally ineffective

assistance.

Because it plainly appears from the motion and the record that Soltero is not entitled to

relief, the Court will deny his motion.  28 U.S.C. foll. § 2255 Rule 4(b).  The Court will

additionally deny him a certificate of appealability.

## BACKGROUND AND PROCEDURAL HISTORY

Soltero agreed to plead guilty, pursuant to a plea agreement, to count three of an

indictment charging him with conspiracy to possess with the intent to distribute more than 500

grams of methamphetamine, a violation of  21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A)(viii)

and 21 U.S.C. § 846.  Plea Agreement 1, ECF No. 31 (sealed).  As a part of the plea agreement,

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in EP-18-CR-2956-DB-1.  Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

Soltero waived "the right to challenge [his] conviction or sentence in a post-conviction collateral challenge on any ground . . . except . . . based on ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension." *Id.* at 5.

According to the factual summary attached to the plea agreement, Soltero was caught with 14.2 kilograms of methamphetamine in his car while entering El Paso, Texas, from Ciudad Juarez, Mexico:

> On September 15, 2018, . . . a Customs and Border Protection Officer (CBPO) encountered Octavio SOLTERO-Uribe as he arrived at primary inspection, at the Paso Del Norte Port of Entry in the Western District of Texas, driving a white 2008 Nissan Altima. The CBPO escorted SOLTERO-Uribe and the vehicle to secondary inspection.
> . . . .
> Subsequently, a narcotics detector dog alerted to the quarter panel at the rear passenger side of the vehicle. The CBPO pulled back the carpet lining in the trunk, and discovered clear plastic bags containing a white, crystalized substance. Subsequently, SOLTERO-Uribe was placed under arrest. Fifteen clear plastic bags containing a white, crystalized substance, were tested for the properties of methamphetamine, which tested positive for the characteristics of methamphetamine. A lab report confirmed that the substance in SOLTERO-Uribe's [vehicle] was approximately 14212 grams of pure methamphetamine.

*Id.* at 9.

Upon acknowledging his constitutional rights, Soltero claimed he responded to a job posting on Facebook offering drivers $500 per trip to transport currency from El Paso to Ciudad Juarez. He explained on September 15, 2018, he was instructed to take his vehicle to a convenience store in Ciudad Juarez and leave it there. He was later notified the car was ready for pick-up. When he took possession of the vehicle, he was instructed to drive it through a border crossing to a restaurant in El Paso and leave the keys under the driver's side floormat. He admitted he suspected the vehicle concealed narcotics but continued his participation in the venture as he felt he was being followed.

The probation officer who prepared a presentence investigation report determined Soltero's base offense level was 34 under Sentencing Guideline § 2D1.1. Presentence Investigation Report ¶ 14, ECF No. 288 (sealed). The probation officer recommended a two-level downward adjustment for "safety valve" pursuant to Sentencing Guideline §§ 2D1.1(b)(18) and 5C1.2(a)(1)-(5); a two-level downward adjustment for "minor role" pursuant to Sentencing Guideline § 3B1.2(b); and a three-level downward adjustment for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a)-(b). *Id.* ¶¶ 15, 17, 21, 22. "Based upon a total offense level of 27 and a criminal history category of I, the guideline imprisonment range [was] 70 months to 87 months." *Id.* at ¶ 46.

The Court determined an additional two-level downward adjustment was warranted because Soltero was a minimal participant. Statement of Reasons, ECF No. 42. The Court also determined the mandatory minimum sentence did not apply because Soltero qualified for the statutory "safety valve" provision at 18 U.S.C. § 3553(f). *Id.* As a result, the Court sentenced Soltero at the bottom of the revised guideline range to 57 months' imprisonment.

Soltero did not appeal.

In his § 2255 motion, Soltero asserts the Court lost subject matter jurisdiction when it miscalculated his sentencing range. Mot. to Vacate 6, ECF No. 43. He claims he did "not understand the nature of the constitutional protections that he [was] waiving" by pleading guilty because he had an "incomplete understanding of the charge." *Id.* at 7. He alleges the indictment failed to state an offense. *Id.* at 9. He also suggests the "cumulative" errors in the plea agreement and at sentencing, the failure to petition to dismiss the case due to "lost" evidence, "the failure to subject the Government's case to strict adversarial testing," coupled with the application of a non-guidelines sentence which he believes should have been time served by

reason of an egregious sexual assault while in government custody, constitutes ineffective assistance of counsel. *Id.* at 10.

## APPLICABLE LAW

A § 2255 motion "'provides the primary means of collateral attack on a federal sentence.'" *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). Relief under § 2255 is warranted for errors that occurred at trial or at sentencing. *Solsona v. Warden, F.C.I.,* 821 F.2d 1129, 1131 (5th Cir. 1987). Before a court will grant relief, however, the movant must establish that (1) his "sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted). Ultimately, the movant bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (citing *United States v. Kastenbaum*, 613 F.2d 86, 89 (5th Cir. 1980)). "If it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . ." 28 U.S.C. foll. § 2255 Rule 4(b); *see also* 28 U.S.C. § 2255(b) (2012); *United States v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990) ("Faced squarely with the question, we now confirm that § 2255 requires only conclusive evidence—and not necessarily direct evidence—that a defendant is entitled to no relief under § 2255 before the district court can deny the motion without a hearing.").

## ANALYSIS

### A. Court Error

Soltero first asserts the Court lost subject matter jurisdiction when it miscalculated his sentencing range. Mot. to Vacate 6, ECF No. 43. He contends "the district court incorrectly denied his offense level cap under U.S.S.G. Section 2D1.8(a)(2), and the wrong standard in determining why Soltero-Uribe was not granted Safety Valve." *Id.*

Sentencing Guideline § 2D1.8 addresses conspiracies to rent or manage a drug establishment. It is not relevant to calculating a sentence in Soltero's case for conspiracy to possess with the intent to distribute methamphetamine. Further, contrary to Soltero's assertion, the Court did grant him "safety valve." And Soltero waived "the right to challenge [his] conviction or sentence in a post-conviction collateral challenge on any ground . . . except . . . based on ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension." Plea Agreement 5, ECF No. 31.

Furthermore, § 2255 motion is not a substitute for a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991). When raising issues of jurisdictional or constitutional magnitude for the first time in a motion seeking collateral relief, a movant must either (1) demonstrate "cause" for not raising the issue on direct appeal and "actual prejudice" resulting from the error; or (2) show that he is "actually innocent" of the crime for which he was convicted. *United States v. Torres*, 163 F.3d 909, 911 (5th Cir. 1999). The cause-and-actual-prejudice standard is "significantly more rigorous than even the plain error standard . . . applied on direct appeal." *Gaudet*, 81 F.3d at 589.

The "cause" standard requires the movant to show that "some objective factor external to the defense" prevented him from timely raising the claims he now advances. *Murray v. Carrier*,

477 U.S. 478, 488 (1986). Objective factors that constitute cause include interference by officials that make compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion, and ineffective assistance of counsel in the constitutional sense. *Id.*

"A mere possibility of prejudice will not satisfy the actual prejudice prong of the cause and prejudice test," and a movant must instead "'shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Shaid*, 937 F.2d at 231 (quoting *Frady*, 456 U.S. at 170).

If the movant does not demonstrate "cause" for not raising the issue on direct appeal and "actual prejudice" resulting from the error, then he is procedurally barred from attacking his conviction or sentence. *United States v. Drobny*, 955 F.2d 990, 994–95 (5th Cir. 1992).

"[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. 478, 496, (1986). To establish actual innocence, petitioner must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327–328 (1995) (citations and quotation marks omitted). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In this case, Soltero has not alleged or shown that some objective factor prevented him from timely raising his claims concerning his sentence at his sentencing hearing or in a direct appeal. He has not alleged or shown that the factual basis for his claims was not available at the

time of his sentencing. He has also not alleged or shown that the purported sentencing error infected his entire criminal proceeding with error of constitutional dimension. Thus, he has not shown cause for failing to raise his claims at his sentencing or in a direct appeal, and he has not shown actual prejudice resulting from the alleged error. Moreover, the evidence against Soltero was overwhelming and he has not asserted his actual innocence. The Court finds Soltero is procedurally barred from pursing his claim in a § 2255 motion.

The Court additionally observes that claims concerning a district court's application of the Sentencing Guidelines are not cognizable under § 2255. *See United States v. Faubion*, 19 F.3d 226, 232 (5th Cir.1994) (holding defendant's claim that district court erred in making upward departure under Sentencing Guidelines could not be considered in § 2255 proceeding); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995) ("A district court's calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under section 2255."). This is because the claims "could . . . have been raised on direct appeal." *Gaudet*, 81 F.3d at 589. And "[a] district court's technical application of the [Sentencing] Guidelines does not rise to a constitutional issue." *United States v. Payne*, 99 F.3d 1273, 1281–82 (5th Cir.1996); *see also United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Non-constitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.).

Soltero is not entitled to relief on this claim.

## B. Nature of Constitutional Protections

Soltero asserts "[c]ounsel left him in the dark, with respect to the nitty gritty of the plea, and especially to what punishment he was looking at." Mot. to Vacate 7, ECF No. 43. Soltero maintains he did "not understand the nature of the constitutional protections that he [was] waiving" because he had an "incomplete understanding of the charge." *Id.*

A guilty plea must be knowing and voluntary to be constitutionally valid. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). "A plea may be involuntary either because the accused does not understand the nature of the constitutional protections that he is waiving . . . or because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976).

The critical issue in determining whether a plea was voluntary and intelligent is "whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991). If the record shows the defendant "understood the charge and its consequences," this Court will uphold a guilty plea as voluntary. *Davis v. Butler*, 825 F.2d 892, 893 (5th Cir. 1987).

When Soltero signed the plea agreement, he agreed to plead guilty to count three of the indictment. Plea Agreement 1, ECF No. 32. Count three charged him with conspiracy to possess with the intent to distribute methamphetamine. *Id.* He understood he faced a range of punishment of not less than ten years or more than life in prison. *Id.* He acknowledged that by pleading guilty he would waive the following rights:

> A. The right to plead not guilty and persist in that plea.
> B. The right to a speedy and public jury trial.
> C. The right to assistance of counsel at that trial and in any subsequent appeal of that trial.

D. The right to remain silent at trial.
E. The right to testify at trial.
F. The right to confront and cross-examine government witnesses.
G. The right to present evidence and witnesses on his own behalf.
H. The right to compulsory process of the court.
I. The right to be presumed innocent.
J. The right to a unanimous guilty verdict.
K. The right to appeal a guilty verdict.

*Id.* at 4. He acknowledged his attorney had advised him "of the nature of the charges, any possible defense to the charges, and range of possible sentences." *Id.* at 6. He agreed to the factual basis which described how he knowingly entered into a scheme with others to possess with the intent to distribute a controlled substance. *Id.* at 9.

Documents signed by a defendant in connection with a guilty plea are entitled to "great evidentiary weight." *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *cf.*, *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977) ("Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings."). The plea agreement shows Soltero understood the charge against him, understood the consequences that might befall him, and made his plea freely. The only evidence supporting Soltero's instant claim is the self-serving allegation in his motion.

Since Soltero was fully aware of, and informed about, the nature of his plea, his claim that he his plea was involuntary fails. Consequently, the Court should not permit Soltero to disavow the plea agreement.

The Court will not grant Soltero relief on this claim.

## C. Indictment

Soltero alleges the indictment failed to state an offense. Mot. to Vacate 8, ECF No. 43. He asserts "[i]n the case at bar, the government initially established subject matter jurisdiction in the indictment merely by tracking the language of the criminal statute." *Id.* at 6.

"A defect in an indictment is jurisdictional, and such a defect is not waived by a guilty plea." *United States v. Rivera*, 879 F.2d 1247, 1251 (5th Cir. 1989). A challenge to an indictment "may be raised for the first time in a § 2255 petition because such an error divests the sentencing court of jurisdiction." *United States v. Osiemi*, 980 F.2d 344, 345 (5th Cir. 1993) (citing *United States v. Harper*, 901 F.2d 471, 472 (5th Cir.), *reh'g. denied, en banc* 907 F.2d 146 (1990).

"The indictment's most basic purpose is to fairly inform a defendant of the charge against him." *United States v. Gordon*, 780 F.2d 1165, 1169 (5th Cir. 1986). At a minimum, it "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). It meets minimal constitutional standards "if it contains the elements of the charged offense, fairly informs the defendant of the charges against him, and ensures that there is no risk of future prosecutions for the same offense." *United States v. Harms*, 442 F.3d 367, 372 (5th Cir. 2006). It may set forth the offense in the words of the statute itself as long as the statutory language unambiguously sets out all the elements necessary to constitute the offense. *United States v. Stanley*, 765 F.2d 1224, 1239–40 (5th Cir. 1985).

"In reviewing a challenge to an indictment alleging that it fails to state an offense, the court is required to take the allegations of the indictment as true and to determine whether an offense has been stated." *United States v. Crow*, 164 F.3d 229, 234 (5th Cir. 1999). The issue is "not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *Id.* The court's determination of the "validity of an indictment is governed by practical, not technical considerations." *Id.* at 235.

In order to prove the existence of a conspiracy to possess with intent to distribute methamphetamine—as alleged in Soltero's indictment—"the government is required to prove

-10-

three essential elements beyond a reasonable doubt: first, that an agreement existed to violate the federal narcotics laws; second, that the defendant knew of the existence of the agreement; and third, that he voluntarily participated in the conspiracy." *United States v. Brackett*, 113 F.3d 1396, 1399 (5th Cir. 1997).

Soltero pleaded guilty to count three of the indictment, which alleged:

**COUNT THREE**
(21 U.S.C. § 846, 841(a)(1) & 841(b)(1)(A)(viii))

That on or about September 15, 2018, in the Western District of Texas, Defendant,

**OCTAVIO SOLTERO-URIBE,**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 846, that is to say, they conspired to possess a controlled substance, which offense involved methamphetamine, a Schedule II Controlled Substance, with intent to distribute same, contrary to Title 21, United States Code, Sections 841(a)(1) and the quantity of methamphetamine involved in the conspiracy and attributable to Defendant as a result of Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to Defendant is 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, all in violation of Title 21, United States Code, Section 846, 841(a)(l) and 841(b)(1)(A)(viii).

Indictment 2, ECF No. 15.

Simply stated, count three alleges an agreement existed to violate the federal narcotics laws, Soltero knew of the existence of the agreement, and Soltero voluntarily participated in the conspiracy. It contains the elements of the charged offense, fairly informs Soltero of the charges against him, and ensures Soltero is not at risk of future prosecutions for the same offense. Hence, it conforms to minimal constitutional standards—and states an offense.

Soltero is not entitled to relief on this claim.

**D. Ineffective Assistance of Counsel**

Soltero also suggests the "cumulative" errors in the plea agreement and at sentencing, the failure to petition to dismiss the case due to "lost" evidence, "the failure to subject the Government's case to strict adversarial testing," coupled with the application of a non-guidelines sentence which should have been time served by reason of an egregious sexual assault while in government custody, constitutes ineffective assistance of counsel. Mot. to Vacate 10, ECF No. 43.

Generally, an ineffective-assistance-of-counsel claim presented in a § 2255 motion is analyzed under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail, a movant must show (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 689–94. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001). "[C]ounsel's assistance is deficient if it falls 'below an objective standard of reasonableness.'" *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003) (quoting *Strickland*, 466 U.S. at 688).

"[T]o prove prejudice, 'the defendant must show 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002). In cases involving counsel's performance at the sentencing stage, the Supreme Court and the Fifth Circuit have emphasized that *Strickland* prejudice exists whenever there is a reasonable probability that,

but for counsel's errors, the defendant's term of actual imprisonment would have differed in "any amount." *Id.*, at 842 (quoting *Glover v. United States*, 531 U.S. 198, 203 (2001)). If the movant fails to prove one prong, it is not necessary to analyze the other. *See Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir.1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir.1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

Soltero fails to provide any specific information concerning his "cumulative" ineffective-assistance-of-counsel claim. He does not identify the "lost" evidence. The fact that he may have been sexually assaulted by two prisoners is not relevant to his claim for relief from his sentence. The record refutes his remaining claims. His counsel successfully negotiated a plea agreement which—because the Court agreed to grant him "safety valve"—resulted in a bottom-of-the-guidelines sentence well below the mandatory statutory minimum. "Although *pro se* habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'" *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)). Soltero has not shown his counsel's performance was either deficient or prejudiced his cause.

Soltero is not entitled to relief on this claim.

## EVIDENTIARY HEARING

A motion brought pursuant to § 2255 may be denied without a hearing if the motion, files, and records of the case conclusively show that the defendant is not entitled to relief. *See United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam) (holding that there

was no abuse of discretion in denying a § 2255 motion without a hearing where the movant's assertions of ineffective assistance were wholly conclusory in nature and refuted by reference to the record itself). The record in this case is adequate to dispose fully and fairly of Soltero's claims. The Court need inquire no further on collateral review and an evidentiary hearing is not necessary.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Here, Soltero's motion fails because he has not identified a transgression of his constitutional rights. Accordingly, the Court finds that it should not grant Soltero a certificate of appealability. *See* 28 U.S.C. foll. § 2255 R. 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

## CONCLUSION AND ORDERS

The Court concludes it should deny Soltero's § 2255 motion—and dismiss his civil cause without a hearing—because it plainly appears from his motion and the record of prior proceedings that he is not entitled to § 2255 relief. The Court further concludes that Soltero is not entitled to a certificate of appealability. The Court, therefore, enters the following orders:

**IT IS ORDERED** that Soltero's "Petition for a Petition to Vacate, Set Aside or Reduce Sentence Pursuant to 28 U.S.C. Section 2255" (ECF No. 43) is **DENIED**, and his civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Soltero is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this _6th_ day of November 2019.

DAVID BRIONES
**SENIOR UNITED STATES DISTRICT JUDGE**